UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA STAAR,<br><br>    Plaintiff,<br><br>v.<br><br>AMADOR COUNTY COURT, et al.,<br><br>    Defendants. | No. 2:18-cv-02078-JAM-KJN PS<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Monica Staar, who proceeds in this action without counsel, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.)[1] Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

In this case, plaintiff alleges a pattern of discrimination over the past 17 years by the Amador County Court, Sheriff's Department, District Attorney, Public Works-Road Department, and Planning Permits. (ECF No. 1.) However, a careful review of the complaint in this case reveals that the action is duplicative of an earlier action brought by plaintiff that was previously dismissed by this court. (Compare ECF No. 1 to Staar v. County of Amador, 2:17-cv-00974-

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1 | MCE-KJN, ECF Nos. 1, 3, 5.)

While the court notes some superficial differences in each complaint, the actions appear to involve the same events, the same parties, and the same types of claims. In the instant action, plaintiff names specific entities within the County of Amador as defendants, whereas plaintiff named only the County of Amador as a defendant in the prior action. This is of no consequence, however, as plaintiff alleges the same essential conduct in each action. Specifically, in the instant matter plaintiff asserts numerous claims

> including malicious prosecution, sexual assault, physical assault and battery, selective enforcement, a refusal to take reports of criminal activity signaling impunity and complicity in continuing private harassment, threats, property destruction and domestic terrorism including takings, intentional infliction of emotional distress, denial of access to public services and facilities, interference with contractual relations and destruction of relationship with family and access to medical treatment.

(ECF No. 1 at 5.) In the prior action, plaintiff similarly alleged that the Amador County Sheriff's Department refused to document crimes against plaintiff including:

> repeated larceny, burglaries, vehicle theft, assault and battery, trespassing, vandalism, property destruction, two incidents of assault with a deadly weapon . . . two rapes. . . and gross battery including sexual assault . . .

(Staar v. County of Amador, 2: 17-cv-00974-MCE-KJN, ECF No.1 at 2.)

Even assuming the instant matter includes novel claims, the complaint would still be subject to dismissal. To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted,

the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

Here, even liberally construed, the complaint does not include sufficient factual content to state any claim. Indeed, the complaint includes only a list of conclusions without any specific factual allegations. (See ECF No. 1 at 5-6.) Therefore, to the extent that the instant matter includes any new claims not present in the previous action, plaintiff has failed to state any claim that has facial plausibility. See Iqbal, 556 U.S. at 678.

Finally, it appears that the instant action may be motivated by plaintiff's dissatisfaction with the outcome of the previous action in this court. However, if plaintiff believes that the court erred in its adjudication of the first action, the proper remedy is to move for relief from the final judgment in the first action or to file an appeal of the first action, not to file a second duplicative action.

Therefore, for the foregoing reasons, the court recommends that this action be dismissed as duplicative.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed as duplicative.

2. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) be denied as moot.

3. The Clerk of Court be directed to close this case.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and

any non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: August 27, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

14/ps.staar.2078.f&r dismiss duplicative action